# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| TAMALA RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:21-cv-02489-DCN-MHC |
| vs. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 14, that the court affirm the Commissioner of Social Security's ("Commissioner") decision denying claimant Tamala Riley's ("Riley") application for social security insurance ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Riley filed an application for SSI and DIB on January 10, 2019, alleging that she has been disabled since November 16, 2014. The Social Security Administration (the "Agency") denied Riley's application initially on July 26, 2019, and upon reconsideration on March 30, 2020. Riley requested a hearing before an administrative law judge ("ALJ"), and ALJ Carl B. Watson presided over a hearing held on December 2, 2020, at

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for Andrew Saul, former Commissioner, as the defendant in this lawsuit.

1

which Riley and a vocational expert ("VE"), Chaddrick Middleton, testified. In a decision issued on February 3, 2021, the ALJ determined that Riley was not disabled within the meaning of the Act from November 16, 2014, through the date of the decision. Riley requested review of the ALJ's decision by the Appeals Council, and on June 17, 2021, the Appeals Council denied Riley's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

On August 6, 2021, Riley filed this action seeking review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge Cherry. On July 28, 2022, Magistrate Judge Cherry issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 14. Riley filed objections to the R&R on August 1, 2022, ECF No. 15, and the Commissioner responded to the objections on August 15, 2022, ECF No. 16. As such, the matter has been fully briefed and is ripe for the court's review.

**B. Medical History**

The parties are familiar with Riley's medical history, the facts of which are thoroughly recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Riley's objections to the R&R. Riley alleges a disability onset date of November 16, 2014, when she was forty years old. From 2017 to 2018, Riley received treatment for sleep apnea, hypertension, high cholesterol, abdominal pain, stage one chronic kidney disease, unstable blood sugar/pre-diabetes, and morbid obesity. In 2020, a CT scan revealed a partially detached mesh from prior hernia repair. Riley previously worked as a cashier, stock clerk, and front desk clerk.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Riley was disabled from her alleged onset date of November 16, 2014, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that Riley has not engaged in substantial gainful activity during the relevant period. Tr. 17. At the second step, the ALJ found that Riley has the following severe impairments: obesity, history of hernia, obstructive sleep apnea, and narcolepsy. Tr. 17. At the third step, the ALJ found that Riley does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Agency's Listing of Impairments, 20 CFR § 404.1520(d), et seq. Tr. 19. Before reaching the fourth step, the ALJ determined that Riley retained the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; and she must avoid working at unprotected heights or hazardous machinery. Due to obstructive sleep apnea with narcolepsy, she has the mental ability to perform work that needs little specific vocational preparation where the duties can be learned on the job in 30 days or less; and time off task can be accommodated by employer-afforded breaks (eg., 15 minutes in the morning, a 30 minute lunch break, and 15 minutes in the afternoon).

Tr. 19. Based on the RFC, at the fourth step, the ALJ found that Riley could work in representative occupations such as a bagger, hospital cleaner, or linen room attendant. Tr. 23. Further, the ALJ found that considering Riley's age, education, work experience, and RFC, Riley is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 23. Therefore, the ALJ concluded that Riley was not disabled under the meaning of the Act during the period at issue.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is

disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

## III.   DISCUSSION

Riley argued in her initial brief that although the ALJ found that Riley suffers from a severe impairment of narcolepsy, the ALJ failed to meaningfully address Riley's narcolepsy in formulating the RFC. The Magistrate Judge favorably construed Riley's brief as presenting two separate arguments: that the ALJ failed to consider Riley's subjective complaints about narcolepsy (1) under the test for determining whether the claimant has a disabling impairment, and (2) in formulating the RFC. In her objections, Riley clarifies that her contention is the ALJ failed to address the effect of narcolepsy on Riley's RFC.

The ALJ wrote in the RFC determination that "[d]ue to obstructive sleep apnea with narcolepsy, [Riley] has the mental ability to perform work that needs little specific vocational preparation where the duties can be learned on the job in 30 days or less; and time off task can be accommodated by employer-afforded breaks." Tr. 19. The Magistrate Judge found that in formulating that RFC determination, the ALJ considered

medical evidence from the relevant time period, the assessments of the state agency medical consultants, and Riley's own testimony in reaching his decision. The records were found to have substantially supported the RFC determination. Specifically, the Magistrate Judge explained that the ALJ relied on Riley's ability to understand and remember simple instructions, "attend to" and concentrate for periods of two hours, interact with peers and supervisors, and adapt to normal workplace changes. R&R at 15. The Magistrate Judge also noted the ALJ's comment that a doctor had informed Riley on how she could manage her condition with certain sleeping positions and medication. Id. In response to Riley's argument that the ALJ failed to consider the treatment notes of Dr. Robert Thomas ("Dr. Thomas"), the Magistrate Judge explained that the ALJ referenced Dr. Thomas's treatment notes in his discussion of Riley's obesity and that in any event, the notes did not contradict the ALJ's findings.

In her objections, Riley argues, as she did before, that the RFC limitations based on "little specific vocational preparation[] and normal work breaks" are insufficient to account for the severity of narcolepsy. ECF No. 15 at 3. Riley repeats her contention that limiting Riley "to simple work and regular breaks" does not account for Riley's need for supplemental oxygen to sleep, excessive daytime sleepiness, periods of lethargy, memory problems, and other symptoms of narcolepsy. Id. at 4–5.

Riley's argument is not compelling as it is outside the province of the court to reweigh the evidence considered by the ALJ or substitute its judgment for his or hers. As previously noted, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks and

citation omitted); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  This is particularly the case where the claimant fails to point to any specific evidence that the ALJ overlooked.  See Burton v. Kijakazi, 2021 WL 5183866, at *11 (S.D. W. Va. Oct. 22, 2021), report and recommendation adopted, 2021 WL 5183019 (S.D. W. Va. Nov. 8, 2021) (finding that the court was unable to second-guess the ALJ's RFC assessment where the claimant merely asserted that her conditions meant she could not sit for six hours a day, and she failed to point to "any contrary evidence that the ALJ failed to consider").  To be sure, Riley, in her initial brief, pointed to evidence that the ALJ supposedly overlooked—namely, Dr. Thomas's treatment notes.  But the Magistrate Judge more than sufficiently resolved those arguments.  Of relevance here, the Magistrate Judge explained that none of the examining or treating medical providers, including Dr. Thomas, placed any limitations on Riley's physical or mental ability to work.  Finally, to the extent that Riley does point to other evidence or limitations that the ALJ failed to consider, the court notes that "there is no requirement that every severe impairment be addressed via a particular limitation in an RFC assessment." Nock v. Comm'r, Soc. Sec. Admin., 2015 WL 5781988, at *3 (D. Md. Sept. 30, 2015).  Although Riley no doubt believes otherwise, the court finds that Riley's objection ultimately amounts to mere disagreement with the ALJ's weighing of the evidence.

The court finds that the ALJ relied on substantial evidence in determining Reeder's RFC, and the court's limited inquiry must end there.  See Hays, 907 F.2d at 1456.  As such, the court overrules the objection and affirms the ALJ's determination on Riley's RFC.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 29, 2022**
**Charleston, South Carolina**

9